UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-mc-20504-BLOOM

IN RE APPLICATION OF
BAPA HOLDINGS, CORP.,

    Applicant
_____/

**ORDER ON MOTION TO AMEND OR CLARIFY ORDER GRANTING MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

**THIS CAUSE** is before the Court upon Applicant BAPA Holdings, Corp.'s ("BAPA") Motion to Amend or Clarify the Court Order Granting Motion for Entry of Stipulated Confidentiality and Protective Order. ECF No. [46]. Nonparty Respondent Broadspan Capital LLC ("Broadspan") filed a Response in Opposition, ECF No. [50], to which BAPA filed a Reply, ECF No [53]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, BAPA's Motion is granted.

**I.    BACKGROUND**

On February 17, 2022, BAPA filed an Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Application"). ECF No. [1]. The original purpose of the Application was to obtain evidence for use in a pending civil proceeding in Guatemala against Banco Agromercantil de Guatemala S.A. ("BAM") involving the sale of a complex project in Honduras (the "Foreign Proceeding"). ECF No. [50] at 2. On February 22, 2022, the Court granted the Application, thereby permitting BAPA to seek discovery from Broadspan "related to, *inter alia*[,] 'documents and information reflecting the terms of the relationship between Broadspan and [Banco Agromercantil de Guatemala S.A. ("BAM"),] . . .

documents and information relating to the negotiations between Broadspan and BAM for the sale or assignment of the Complex, Project, or BAM's rights and interests in the Complex and/or Project, . . . and [ ] documents and information relating to the sale or assignment of the Complex, Project, or BAM's rights and interests in the Complex."' ECF No. [46] (quoting ECF No. [3]). Following the Court's Order, BAPA served Broadspan with a Rule 45 subpoena. ECF No. [50]. The parties then conferred and ultimately filed the Joint Confidentiality and Protective Order (the "Protective Order"), ECF No. [4], which the Court entered on May 17, 2022. ECF No. [5].

The Protective Order contains two provisions of relevance to the instant Motion—Paragraph 3(c) and Paragraph 3(d)(x). *See id.* Paragraph 3(c) provides:

> Confidential Information shall only be used in connection with (i) the contemplated civil lawsuit by BAPA against Banco Agromercanti de Guatemala, Sociedad Anónima ("BAM") seeking damages against BAM before a *Juzgado de Primera Instancia Civil del Departamento de Guatemala* (the "Foreign Proceeding"); (ii) the above-captioned matter brought pursuant to 28 U.S.C. § 1782; and (iii) any other legal action against BAM in Guatemala related to the Foreign Proceeding (collectively, the "Action").

Paragraph 3(d)(x) states:

> The authorized recipients of the Confidential Information produced or disclosed by Broadspan are limited to the following: . . . other parties to the Actions, including any intervenors, additional parties that join or are joined in any of the Actions, and including witnesses and all persons in attendance at a deposition. Such other persons as hereafter may be designated by written agreement of the parties involved or designated by the Court in the interests of justice.

ECF No. [5] at 2-3.

Following the entry of the Protective Order, BAPA contacted Broadspan, informing the company that BAPA sought to use the documents produced pursuant to the § 1782 subpoena in a criminal proceeding against BAM and potentially several other defendants in the Court of First Instance of Guatemala for Crime, Narcoactivity, and Crimes against the Environment. *See* ECF Nos. [46] at 2, [50] at 3. BAPA informed Broadspan that it

believed the proposed use was permitted under the Protective Order "because the contemplated criminal proceeding fell under the category of 'any other legal action against BAM in Guatemala related to the Foreign Proceeding.'" ECF No. [50] at 3. Broadspan disagreed that the Protective Order authorized use of the § 1782 materials in that manner. The parties continued to confer on the issue but failed to reach an agreement. *See id.*

On October 17, 2024, BAPA contacted Broadspan to see if Broadspan would still oppose BAPA's use of the subpoenaed materials if the evidence was used in a criminal proceeding solely against BAM and Mrs. Saramaria Estrada Artola de Recinos (BAM's agent and corporate representative). *See* ECF Nos. [46] at 3, [50] at 3-4. Broadspan maintained its opposition, notwithstanding the more limited nature of the proposed criminal proceedings. *See id.* Given Broadspan's opposition, BAPA filed the instant Motion seeking clarification or an amendment of the Protective Order permitting BAPA to use the § 1782 discovery material in criminal proceedings against BAM and BAM's corporate representative. ECF No. [46].

BAPA argues that the requested use of the § 1782 discovery materials in the impending criminal case is appropriate because the criminal case falls under one of the three permitted uses approved by the Protective Order, specifically, use in connection with "any other legal action against BAM in Guatemala related to the Foreign Proceeding." *Id.* at 4. BAPA explains that the basis for the criminal charges against BAM and Ms. Saramaría Estrada Artolá de Recinos are charges of false testimony and perjury in the Foreign Proceeding. *See id.* According to BAPA, Ms. Saramaría Estrada Artolá de Recinos served as the corporate representative for BAM and gave a pre-trial deposition in the Foreign Proceeding where she "disclaimed BAM's knowledge of meetings and communications."

3

*Id.* at 3. BAPA claims that these statements were "directly contradicted" by the documents Broadspan produced pursuant to this Court's § 1782 Order authorizing discovery. *Id.* The contradictions between the statements from BAM's corporate representative and the Broadspan records serve as the factual basis for the claims of false testimony and perjury, which BAPA anticipates it will allege in the impending criminal proceeding. *Id.* Accordingly, BAPA contends that the criminal action is sufficiently related to the Foreign Proceeding to allow for the use of the § 1782 discovery materials in the criminal case. *See* ECF No. [46] at 3-4.

Broadspan opposes the use of the documents produced pursuant to the § 1782 subpoena because the contemplated foreign criminal proceeding is too speculative to support an application under § 1782. See ECF No. [50] at 4-5. It asserts that not only is the criminal case too speculative, but the intended use is too broad. *See id.* at 6-7. Broadspan contends the Court's Protective Order only allows the records produced pursuant to the § 1782 subpoena to be used in other actions that are brought solely against BAM. *Id.* Since the proposed criminal proceedings would be brought against both BAM and BAM's corporate representative, the proposed use exceeds the scope of the Protective Order and is therefore prohibited. *See id.* at 7. Broadspan contends that BAPA may not amend the Protective Order to permit the proposed use because BAPA has failed to show good cause and because the four *Intel* factors governing modification or amendment of a protective order pursuant to § 1782 all weigh in favor of denying BAPA's Motion to Amend. *See id.* at 8-10, 12.

BAPA replies that the Court should construe its Motion as a request seeking clarification not as a modification or amendment of the Protective Order. *See* ECF No. [53]

4

at 5, 7. Therefore, since good cause and the *Intel* factors are only necessary to consider when determining whether a modification or amendment are appropriate, neither of Broadspan's arguments are relevant here. However, to extent the Court does construe BAPA Motion as a request to modify the Protective Order, BAPA argues that the *Intel* factors support the proposed request to modify and that the burden to show good cause rests with Broadspan, not BAPA. *See id.*

## II.    LEGAL STANDARD

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). "[Sub-section] 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance . . . to 'interested person[s]' in proceedings abroad." Therefore, "the district court's decision to grant or deny application pursuant to 28 U.S.C. § 1782(a) is discretionary." *In re Ferrer*, Case No. 18-20226, 2018 WL 3240010, at *3 (S.D. Fla. July 3, 2018). However, once a Court has granted a § 1782 discovery application, § 1782 no longer governs or otherwise limits the later use of evidence properly obtained pursuant to the statute. *See Glock v. Glock, Inc.*, 797 F.3d 1002, 1006 (11th Cir. 2015); *In re Ferrer*, 2018 WL 3240010, at *5; *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017) ("In sum, we hold that Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise."). Instead, the only limits on the later use of materials properly obtained in § 1782 discovery are those imposed by the Court by way of the order granting the §1782 application or a subsequent protective order. *See Glock*, 797 F.3d at 1009.

When interpreting the meaning of an order, including a protective order, district courts are "afforded wide discretion . . . and 'when an issuing judge interprets alleged ambiguities in his or her own order, [the Eleventh Circuit] accord[s] substantial deference to that interpretation.'" *Stansell v. Revolutionary Armed Forces of Columbia*, 120 F.4th 754, 766 (11th Cir. 2024) (quoting *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1241 (11th Cir. 2021); *see Glock*, 797 F.3d at 1006 ("We review an order interpreting a protective order for an abuse of discretion.") (citing *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 61 (11th Cir. 2013)).[1]

## III. DISCUSSION

### A. § 1782 Does Not Apply

As explained above, BAPA's Motion seeks approval to use the discovery it already obtained pursuant to the Court's approved § 1782 subpoena in a potential criminal proceeding against BAM and BAM's corporate representative based on their alleged false statements and perjury in the Foreign Proceeding. See ECF No. [46] at 3-4. Broadspan does not seriously dispute that the potential criminal case would be "related to the Foreign Proceeding" but instead insists that the potential criminal case is far too speculative to constitute a qualifying "foreign proceeding" that would allow BAPA to use records discovered pursuant to § 1782. *See* ECF No. [50] at 4-5. According to Broadspan, "[a] foreign proceeding that has not commenced and for which no timeframe for commencement has been given is typically too 'speculative' to support an application under § 1782." *Id.* at 4. Broadspan claims that "BAPA requests discovery for use in a

---

[1] "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous," *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010) (internal quotation marks omitted), and "when it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1546 (11th Cir. 1996) (quoting *Arlook v. S. Lichtenberg & Co.*, 952 F.2d 367, 374 (11th Cir. 1992)).

6

criminal proceeding that has not yet commenced" and has yet to provide a timeframe for when the proceedings would begin. *Id.* at 5. Broadspan argues BAPA has also repeatedly changed who the criminal case will ultimately be brought against. *See id.* Given the lack of detail provided about the impending case, Broadspan contends that the potential criminal proceeding does not constitute a "'foreign proceeding' under 28 U.S.C. § 1782," and as such, BAPA's Motion should be denied. *Id.* at 5-6.

BAPA replies that Broadspan's argument does not apply to the circumstances present here. According to BAPA, "[t]he issue presently before this Court [ ] is whether the language of the Confidentiality Order permits BAPA to use documents it has already obtained pursuant to this Court's valid Order granting judicial assistance under § 1782." ECF No. [53] at 2. BAPA argues that the case Broadspan relies upon—*In re Rendon*, 519 F. Supp. 3d 1151, 1157 (S.D. Fla. 2021)—involved situations where the district court had to decide whether the potential proceedings were too speculative to allow the applicant to seek and obtain evidence, not whether the applicant could use evidence it had already obtained through § 1782 discovery. *Id.*

Moreover, even if this Court found it appropriate to apply *In re Rendon* to the circumstances here, the claims in the potential criminal proceeding against BAM and its corporate representative satisfy that standard. *See id.* BAPA notes that in *In re Rendon*, "the magistrate judge concluded that the [requested] discovery was inaccessible through § 1782 because it was not sought for use in a contemplated proceeding, but [instead,] to confirm the viability and merit of the Rendon's applicant's theories of liability." *Id.* In contrast, here, BAPA claims it has "clearly articulated that the 'contemplated complaint is directed against BAM for false testimony and perjury in the Foreign Proceeding." *Id.* at 2-3. Therefore, the potential claims and defendants are clear; the only question remaining is precisely when the criminal case will commence. Because

the lack of a precise date when the anticipated proceedings will begin is not fatal to a § 1782 application, BAPA contends that the proposed criminal case is not too speculative to prevent BAPA from using the § 1782 documents in the potential criminal case in Guatemala. *See id.* at 3.

The Court agrees with BAPA that Broadspan misconstrues the posture of BAPA's Motion. Broadspan attempts to apply the restrictions on obtaining § 1782 to potential uses of § 1782 discovery *already* obtained. However, as the Eleventh Circuit explained in *Glock v. Glock, Inc.*, "[t]he plain language of [§ 1782] creates a procedure by which a person may obtain discovery in the United States 'for use in a proceeding in a foreign or international tribunal . . .. [N]othing in the language of § 1782 [ ] purports to limit later uses of evidence that have been properly obtained under § 1782." 797 F.3d 1002, 1007 (11th Cir. 2015). Accordingly, the only limitation on the use of § 1782 material after an application for § 1782 discovery is any protective order imposed by the district court. Therefore, the question here is not whether § 1782 allows the use of the already discovered materials in the proposed Guatemalan criminal case; rather, whether the Court's Protective Order allows such a use. *See id.* at 1009-10. Since § 1782 does not govern this analysis, the Court rejects Broadspan's argument that § 1782's specificity requirement restricts the discovery materials from being used in the anticipated criminal proceeding.

**B.  Scope of the Use of Discovery Authorized by the Court's Order**

Because § 1782 does not constrain the use of the discovery materials in subsequent proceedings, the Court must now determine whether the Protective Order precludes the proposed use in a potential criminal proceeding. *See Glock*, 797 F.3d at 1009.

BAPA argues that the plain language of the Protective Order clearly contemplates the use of § 1782 materials in the anticipated criminal proceeding. *See* ECF No. [46] at 4, [50] at 3. BAPA highlights the language in Paragraph 3(c) of the Protective Order which states, "Confidential

Information shall only be used in connection with . . . any other legal action against BAM in Guatemala related to the Foreign Proceeding[.]" ECF No. [5] at 2. According to BAPA, this language indicates that, so long as the legal action is: (1) in Guatemala; (2) is related to the Foreign Proceeding; (3) and includes BAM as a party, then the use of the § 1782 materials is permissible in that action. *See* ECF No. 46 at 4-5.

Broadspan argues that BAPA's construction of Paragraph 3(c)(iii) is too broad and the Protective Order limited the use of the § 1782 materials to "any other legal action *against* BAM," not "any other legal action against BAM '*and* others'" ECF No. [50] at 7. Accordingly, because BAPA seeks to use the § 1782 materials in a criminal proceeding against BAPA and BAPA's corporate representative in her individual capacity, Broadspan contends that BAPA's proposed use of the discovery materials exceeds the plain dictates of the Court's Order. *See id.* at 7.

BAPA contends that Broadspan not only reads Paragraph 3(c)(iii) too narrowly, but Broadspan ignores other relevant provisions of the Protective Order, which appear to contemplate the § 1782 materials being used in actions involving BAM and multiple other defendants. *See* ECF No. [46] at 5. Specifically, BAPA points to Paragraph 3(d)(x), which states that "[t]he authorized recipients of the Confidential Information produced or disclosed by Broadspan are limited to the following: . . . other parties to the Actions, including any intervenors, additional parties that join or are joined in any of the Actions[.]" ECF No. [46] at 5 n. 1 (citing ECF No. [5] ¶ 3(d)(x)). According to BAPA, this language in Paragraph 3(d)(x) demonstrates that the Protective Order plainly envisioned § 1782 discovery being used against defendants other than BAM, given that the language indicates co-defendants are expressly entitled to receive confidential information discovered pursuant § 1782. *See id.* at 5. BAPA claims that the suggestion that BAM's co-

defendants could access § 1782 materials, but that use of such material would be prohibited if BAM had a co-defendant in the case defies logic.

Broadspan disagrees that Paragraph 3(d)(x) supports BAPA's interpretation and insists that Paragraph 3(d)(x) must be properly read in conjunction with Paragraph 3(c). *See* ECF No. [50] at 8. Because paragraph 3(c)(iii) "limits discovery to 'legal actions against BAM,' not Bam *and others*, [Paragraph 3(d)(x)] can only contemplate one thing: that discovery can be *shown* and *shared* with other parties to the proceeding, such as other plaintiffs, their attorneys, and/or their representatives." *Id.* (emphasis in the original). Despite BAPA's insistence to the contrary, Broadspan claims Paragraph 3(d)(x) "cannot—and does not—contemplate that discovery will be used against new defendants." *Id.* Therefore, a plain reading of the Protective Order leads to the conclusion that § 1782 discovery may not be used if the action or anticipated action is not brought exclusively against BAM. *See id.* at 8. Accordingly, BAPA's intended use of the § 1782 materials is prohibited by the Protective Order since BAPA seeks to use the materials against BAM and BAM's corporate representative.

The Court finds that a plain reading of the Protective Order permits the use of the § 1782 discovery materials even where defendants other than BAM are parties to the case. Turning first to Paragraph 3(c)(iii), the proviso that the legal action be against BAM is not a limitation, but rather a requirement for a party's use of the §1782 discovery materials outside of the Foreign Proceeding. By imposing a requirement that BAM be a party to the action but not the sole party to the action in which the § 1782 discovery is intended to be used, the Protective Order ensures that any additional litigation is sufficiently related to the original basis for the § 1782 discovery while

simultaneously avoiding the arbitrary partitioning of co-defendants from a case simply because some of the evidence might come from § 1782 discovery.[2]

Moreover, analyzing the Protective Order as a whole, the Court agrees that Paragraph 3(d)(x) supports the conclusion that the Order was not intended to prohibit the use of § 1782 materials in circumstances where the materials might be used against additional defendants besides BAM. Paragraph 3(d)(x) explicitly provides that the following people or entities are authorized to receive the § 1782 discovery materials: "other parties to the Actions, including any intervenors, [and] additional parties that join or are joined in any of the Actions." ECF No. [5] at 3. The language clarifies that any party to one of the contemplated actions, whether they are a plaintiff, a defendant, or an intervenor, may access the confidential materials obtained through § 1782 discovery. Broadspan's alternative reading is unconvincing. According to Broadspan, because Paragraph 3(c)(iii) limits the use of § 1782 material to other actions solely against BAM, Paragraph 3(d)(x) necessarily only permits plaintiffs and intervening plaintiffs to access § 1782 materials—not defendants. *See* ECF No. [50] at 8. However, if that were the intention behind the provision, there would be no reason for Paragraph 3(d)(x) to use the words "other parties." Paragraph 3(d)(x) could have simply stated what it meant and only used the word "plaintiffs." The Court must give the words in the Protective Order their natural and ordinary meaning. *See Key v. Allstate Ins. Co.*,

---

[2] The problems with Broadspan's more narrow reading of the Protective Order are highlighted by the underlying facts giving rise to the instant Motion. BAPA's basis for pursuing the potential criminal proceeding is alleged perjury and false statements made by BAM's corporate representative while she was acting in her official capacity during a pre-trial deposition in the Foreign Proceeding. Thus, the co-defendant's alleged illegal conduct was in her capacity as an agent of BAM. Because the corporate representative's and BAM's conduct are necessarily one and the same, there are no privacy interests at stake or risks of improper disclosures that would not exist were the case only brought against BAM. Nevertheless, Broadspan insists that the Protective Order's language would require a new § 1782 application and for the Guatemalan government to proceed with an entirely duplicative case to proceed against BAM's corporate representative based on the evidence uncovered in the instant § 1782 discovery. Such a requirement would impose significant unnecessary burdens on Guatemalan judicial resources and would ultimately undermine the principles of comity and judicial economy.

11

90 F.3d 1546, 1548-49 (11th Cir. 1996); *Hirsch v. Jupiter Golf Club LLC*, 232 F. Supp. 3d 1243, 1251 (S.D. Fla. Feb. 1, 2017). Since the term "other parties" naturally includes other defendants, the Court finds that Paragraph 3(d)(x) contemplates that § 1782 materials would be available to other defendants. Therefore, because Paragraph 3(d)(x) indicates that § 1782 materials would be available to defendants other than BAM, Paragraph 3(d)(x) further suggests that the Protective Order contemplated using § 1782 discovery material against BAM as well as other potential defendants that might be party to a future related action. Accordingly, the Court finds that BAPA's proposed use of the § 1782 materials against BAM and its corporate representative in a Guatemalan criminal case directly related to the Foreign Proceeding is permitted by the Protective Order.

**C. No Good Cause or *Intel* Analysis Necessary Because There is No Need to Amend**

Broadspan argues that BAPA's Request to amend or modify the Protective Order should be denied because BAPA has failed to show good cause for an amendment and because the Supreme Court's discretionary *Intel* factors counsel against amendment. *See* ECF No. [50] at 8, 12. BAPA responds that it does not bear the burden to show good cause as a showing of good cause is unnecessary in circumstances such as this where a party is merely attempting to clarify a protective as opposed to amending or modifying the order. ECF No. [53] at 5. However, to the extent the Court finds that BAPA's requested use of the § 1782 materials would require a modification of the Protective Order, BAPA maintains it would be Broadspan that would have to show good cause as Broadspan is the party seeking the Order's protection. *See id.*

Regarding Broadspan's argument that the *Intel* factors weigh against granting the instant Motion, BAPA maintains that it does not seek to obtain new evidence but instead seeks to use evidence it has already obtained through § 1782 discovery. *See id.* at 7. Therefore, since BAPA is

merely intending to obtain clarification on the use of properly obtained § 1782 materials, the *Intel* factors do not apply and, as such, the Court need not conduct the *Intel* factor analysis. *Id.* at 8.[3]

The Court finds no showing of good cause is necessary here because good cause is only required if a party is seeking to modify or amend a protective order; not when the party is merely trying to clarify the meaning of a protective order. *Cf. In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1249-50 (11th Cir. 2020) (explaining that good cause is required for modification of a protective order); *Ohl v. CSX Trans., Inc.*, Civ. Act. No. 1:19-cv-01446, 2022 WL 2479167, at *2 (N.D. Ga. Jan. 10, 2022) (same). Since the Court has found that BAPA's proposed use of the § 1782 materials are permitted by the Protective Order's language, no amendment or modification is needed and, therefore, no showing of good cause is necessary.

Moreover, the Court need not conduct an *Intel* factor analysis as the test is inapplicable to the circumstances. The *Intel* discretionary factors are used by courts to determine whether a § 1782 application for discovery should be granted or denied. *See In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007); *In re Rendon*, 2020 WL 8771274, at 4-5. And indeed, some courts have applied the *Intel* factors to a modification or amendment of a protective order, given that such proposals often constitute a request to *expand* the use of materials and thus have the practical effect of a new § 1782 application. *See* ECF No. [50] at 12 (collecting cases of courts outside the Eleventh Circuit construing a motion for a modification of a protective order as new § 1782 application). However, because the Court is not considering any modification or amendment of the Protective Order as it finds that the Order permits BAPA's proposed use of the discovery materials, no new § 1782 discovery application is before the Court.

---

[3] While both parties make arguments as to each of the *Intel* factors, the Court need not discuss the arguments here as the Court finds that the *Intel* factors do not apply under the circumstances.

13

Case No. 22-mc-20504-BLOOM

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. BAPA's Motion, **ECF No. [46]**, is **GRANTED.**

2. The proposed use of the § 1782 discovery materials in the potential criminal case against BAM and its corporate representative in Guatemala is permissible under the Protective Order, entered by the Court on May 17, 2022, ECF No. [5].

3. The Clerk of Court shall **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, and all pending motions are **TERMINATED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record